# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CHIJIOKE JOSHUA OKORIE,<br><br>                       Petitioner,<br><br>v.<br><br>KIRSTJEN NIELSEN, Secretary, Department of Homeland Security, et al.,<br><br>                       Respondents. | Case No. 4:18-cv-00952-NKL |

## ORDER

Respondents Kirstjen Nielsen, L. Francis Cissna, Nelson Perez, and Michelle Perry move to dismiss this action or, in the alternative, to transfer the action to the United States District Court for the District of Kansas. Doc. 8. For the following reasons, Respondents' motion is granted in part and denied in part.

**I.  Background**

"Petitioner [Okorie] is a Nigerian citizen who has been a legal permanent resident since July 26, 2010." Doc. 1 (Petition), ¶ 1. He resides in Wellsville, Kansas. *Id.* at ¶ 2; Doc. 1-1 (Civil Cover Sheet) (listing Okorie's address as "Outside This District"); Doc. 8-1 (Declaration of Elaine Howlett), ¶ 6 ("USCIS records databases indicate that the most current address provided by Chijioke Joshua Okorie is 27121 West Tahoe, Wellsville, KS 66092."). Okorie filed an application for citizenship, known as an "N-400," on May 18, 2015. Doc. 1, ¶ 11. On February 21, 2017, the United States Citizenship and Immigration Services ("USCIS") denied Okorie's application. *Id.* at ¶ 12. Okorie filed an N-336 administrative appeal, also referred to as a request for a hearing, *see* 8 U.S.C. § 1447(a), on April 4, 2017. *Id.* at ¶ 13. On August 14, 2018, USCIS sent Okorie a

notice of decision rejecting his request for a hearing as "improperly filed." Doc. 8-4 (August 14, 2018 Notice of Decision), p. 1; Doc. 1, ¶ 14.  USCIS stated that Okorie's submission was not submitted within the proper timeframe and did "not meet the requirements for a motion to reopen or reconsider because [he] did not submit any new facts to be considered, nor did [he] establish the decision was based on an incorrect application of law." Doc. 8-4, p. 1.

On September 11, 2018, the U.S. Department of Homeland Security issued Okorie a notice to appear for removal proceedings set to take place beginning October 30, 2018, at 8:30 AM in Kansas City, Missouri.  Doc. 8-5 (Department Filing of Notice to Appear), pp. 1–2.

On December 1, 2018, Okorie filed suit in this Court seeking de novo review of his N-400 application pursuant to 8 U.S.C. § 1421(c).  Doc. 1, ¶ 20.  Respondents seek dismissal of the action or, in the alternative, transfer to the United States District Court for the District of Kansas.

## II.     Discussion

8 U.S.C. § 1421(c) permits a person whose application for naturalization has been denied to "seek review of such denial before the United States district court for the district in which such person resides."  It is uncontested that this action was filed in the incorrect district, as Okorie is a resident of Wellsville, Kansas.  Doc. 13 (Suggestions in Opposition), p. 6.  Okorie requests transfer to the United States District Court for the District of Kansas.  Respondents do not oppose transfer, Doc. 15 (Reply in Support of Motion to Dismiss), pp. 1, 7, but argue that dismissal is appropriate because "transfer to the correct venue—the District of Kansas—would be futile."  Doc. 8 (Motion to Dismiss), p. 1.

Thus, the sole question before the Court is whether transfer to the United States District Court for the District of Kansas or dismissal is the appropriate course of action.  "Federal courts are authorized to transfer an action to the proper federal court in order to cure a want of

jurisdiction." *Lopez v. Heinauer*, 332 F.3d 507, 511 (8th Cir. 2003) (citing 28 U.S.C. § 1631); *see also* 28 U.S.C. § 1404(a) (permitting transfer "in the interest of justice" to correct venue). The transfer statute is mandatory, stating that a court "shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action or appeal could have been brought at the time it was filed." 28 U.S.C. § 1631.

Respondents argue that transfer is not required because even if this action had been filed in the appropriate court it would be barred for two reasons. First, Respondents argue that the USCIS's final determination is not subject to collateral attack in a federal district court because Okorie "failed to seek timely relief under 8 U.S.C. § 1447(a)," resulting in a denial of his hearing request and failure to exhaust his administrative remedies. Doc. 8, p. 5. Second, Respondents assert that "district courts lack subject matter jurisdiction to hear 8 U.S.C. § 1421(c) petitions for review when removal proceedings are ongoing." *Id.*

However, Respondents cite to no authority mandating dismissal that is binding on this Court. Rather, Respondents ask the Court to choose between conflicting authority from other districts and circuits to conclude that Okorie's Petition must fail. *See* Doc. 8, pp. 5–8, 10 ("The Eighth Circuit has not addressed this question. This Court should adopt the reasoning of the Fourth and Fifth Circuits that a district court lacks subject-matter jurisdiction over a petition under section 1421(c) while removal proceedings are ongoing."). But absent controlling authority mandating dismissal, the Court is unable to conclude that transfer would be futile. *See Hyun Min Park v. Heston*, 245 F.3d 665, 666–67 (8th Cir. 2001) (finding that the interests of justice warranted transfer of a petition for direct review of Immigration and Naturalization Service actions where there remained an open question as to whether the petition was timely).

3

Accordingly, the Court finds that the interests of justice warrant transfer of this action to the United States District Court for the District of Kansas.

### III. Conclusion

For these reasons, Respondents' motion to dismiss or, in the alternative, to transfer, Doc. 8, is granted in part and denied in part. Pursuant to 28 U.S.C. § 1631, and in the interest of justice, the Court transfers this action to the United States District Court for the District of Kansas.

        s/ Nanette K. Laughrey
        NANETTE K. LAUGHREY
        United States District Judge

Dated: May 6, 2019
Jefferson City, Missouri